■ Lewis Herman, Individually and as Administrator of the Estate of Rose Herman, Deceased, Respondent, v. Associated Hospital Service of New York et al., Appellants.— In an action to declare that two contracts between plaintiff Lewis Herman and his intestate, Rose Herman (who died after entry of judgment [both hereinafter called the "insureds"]), and defendants (one contract with each defendant) are in full force and effect and to recover hospital, surgical and medical benefits in accordance with the terms of said contracts, defendants appeal from a judgment of the Supreme Court, Nassau County, dated January 26, 1965, in favor of plaintiffs after a nonjury trial. Judgment reversed, on the law and the facts, without costs, and judgment directed to be entered in the court below in defendants' favor, without costs, declaring that the subject contracts were not in effect at the times in question and that defendants were not obligated to the insureds thereunder. The action is remanded to the court below accordingly. In our opinion, the insureds were bound by all the terms and conditions of the certificates of contract, including one (in each) which provided for automatic termination at the expiration of the grace period upon default in payment of the subscription charges. There is no claim made by any of the parties that valid contracts of insurance were not consummated because of a failure to make delivery of the contracts (cf. Couch, Insurance 2d, § 10:4). The insureds' claim was predicated upon an alleged agreement with defeadnts by virtue whereof, "in consideration of a stated amount of annual payments to be made quarterly," the insureds were entitled to certain hospital, medical and surgical benefits. The provisions as to automatic termination appear in the contracts upon which the insureds had to recover if they were to recover at all. The insureds sought benefits under the terms of the insurance contracts and they could not affirm only those provisions of the contracts which they deemed favorable and disaffirm those provisions which were not favorable on the ground that the insureds never received a copy of the contracts. Since they sued to enforce the contracts they are to be held bound by those conditions of the contracts which, at least, constitute the standard provisions thereof (cf. *Sherri* v. *National Sur. Co.*, 243 N. Y. 266; *De Grove* v. *Metropolitan Ins. Co.*, 61 N. Y. 594). *Perry* v. *Bankers' Life Ins. Co.* (47 App. Div. 567, affd. 167 N. Y. 607), cited by the court below, is clearly distinguishable. In that case, the provision as to forfeiture for failure to pay the premium on a day certain was not contained in the policy, but was only set forth in the by-laws of the insurance company, which were not a part of the policy itself. Moreover, we further conclude that under the circumstances herein the insureds failed to establish a course of conduct on the part of defendants which would serve as a basis for invoking the doctrine of waiver; nor did they introduce any probative evidence to support the argument that defendants would accept subscription payments after the grace period provided for in the contract. Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.